```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
BRUD ROSSMAN,

                    Plaintiff,
                                              ORDER
          -against-                           17-CV-4854(JS)(GRB)

L. ERIC PATTERSON, Department of
Homeland Security; JOSEPH MAHER,
Department of Homeland Security;
CHANNING PHILLIPS, U.S. Attorney;
MURIEL BOWSWER, Mayor of the
District of Columbia; CHARLES
JONES, Director, Project
Empowerment, Department of
Employment Services; and JOHN
DOES #1-3;

                    Defendants.
----------------------------------X
APPEARANCES
For Plaintiff:     Brud Rossman, pro se
                   1580 Country Club Drive
                   Cutchogue, NY 11935

                   Brud Rossman, pro se
                   348155
                   D.C. Central Detention Center
                   1901 D. St. S.E.
                   Washington, D.C. 20003

For Defendants:    No appearances.
```

SEYBERT, District Judge:

By Order to Show Cause dated February 8, 2018 (the "Order"), pro se plaintiff Brud Rossman ("Plaintiff") was "ORDERED TO RESPOND TO THIS ORDER IN WRITING WITHIN THIRTY (30) DAYS FROM THE DATE OF THIS ORDER PROVIDING A CURRENT ADDRESS. IF PLAINTIFF IS INCARCERATED, HE IS FURTHER ORDERED TO FILE THE ENCLOSED PLRA TOGETHER WITH HIS RESPONSE. PLAINTIFF IS CAUTIONED THAT A FAILURE TO TIMELY COMPLY WITH THIS ORDER TO SHOW CAUSE WILL LEAD TO THE

DISMISSAL OF THE COMPLAINT WITHOUT PREJUDICE PURSUANT TO RULE 41(B) OF THE FEDERAL RULES OF CIVIL PROCEDURE." (See Order, Docket Entry 10.) The Order was sent to Plaintiff at his address of record, 1580 Country Club Drive, Cutchogue, New York 11935, as well as to the D.C. Central Detention Center, 1901 "D." St. S.E., Washington, D.C. 20003. (See Order.) On February 22, 2018 and February 28, 2018, the Court's Order was returned to the Court and marked, respectively, "Return Sender", "Vacant", "Not Deliverable as Addressed", and "Unable to Forward." (See Docket Entries 11-12.)

"The duty to inform the Court and defendants of any change of address is 'an obligation that rests with all pro se plaintiffs.'" Alomar v. Recard, 07-CV-5654, 2010 WL 451047, at *2 (S.D.N.Y. Feb. 9, 2010) (quoting Handlin v. Garvey, 91-CV-6777, 1996 WL 673823, at *5 (S.D.N.Y. Nov. 20, 1996)); see also English v. Azcazubi, 13-CV-5074, 2015 WL 1298654, at *2 (E.D.N.Y. Mar. 20, 2015) ("[W]hen a party, even a pro se litigant, changes addresses, it is that party's obligation to notify the Court of the new address."); Thornton v. Moroney, 13-CV-8912, 2014 WL 2805236, at *2 (S.D.N.Y. June 20, 2014) (explaining that pro se litigants have a "duty to diligently pursue [their] case and to inform th[e] Court[] . . . of any change of address.") (citations omitted). As is readily apparent, this case cannot proceed unless the Court and defense counsel are able to contact Plaintiff. Pagan v. Westchester Cnty., 12-CV-7669, 2014 WL 4953583, at *5 (S.D.N.Y.

2

Oct. 1, 2014 ("Absent valid contact information, the Court cannot apprise the plaintiffs of their obligations in or the status of their case, and the litigation cannot proceed without their participation."). If a pro se litigant fails to keep the Court apprised of his or her current mailing address, "the Court may dismiss the action under Rule 41(b) [of the Federal Rules of Civil Procedure], for failure to prosecute." Mercedes v. N.Y. Dep't of Corr., 12-CV-2293, 2013 WL 6153208, at *2 (S.D.N.Y. Nov. 21, 2013); Thornton, 2014 WL 2805236, at *2.

Given that Plaintiff is not receiving mail at the residential address of record he provided, and, to date, has not provided an updated address, nor has he responded to the Court's Order, it appears that Plaintiff has abandoned this case. Plaintiff's Complaint is thus DISMISSED WITHOUT PREJUDICE for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and in forma pauperis status is therefore denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

SO ORDERED.

Dated: April __6__, 2018
     Central Islip, New York  /s/ JOANNA SEYBERT_____
                                            Joanna Seybert, U.S.D.J.